Argued and submitted November 16, reversed and remanded for further
proceedings December 15, 2004

In the Matter of the Compensation of
Gerald L. Fitch, Claimant.

Gerald L. FITCH,
*Petitioner,*

*v.*

SOLESBEE CUTTING
and Liberty Northwest Insurance Corporation,
*Respondents.*

02-00676; A122140

103 P3d 1169

Christopher D. Moore argued the cause and filed the brief
for petitioner.

David O. Wilson argued the cause and filed the brief for
respondents.

Before Edmonds, Presiding Judge, and Brewer, Chief
Judge, and Deits, Judge pro tempore.

PER CURIAM

**PER CURIAM**

Claimant compensably injured his back in 1995. In 2001, after his aggravation rights had expired, he filed a claim for additional compensation for a new or omitted medical condition. Liberty Northwest Insurance denied the claim. After a hearing, an administrative law judge (ALJ) set the denial aside and ordered Liberty to accept and process the claim. On appeal, the Workers' Compensation Board vacated the order and dismissed the request for a hearing on the ground that the ALJ did not have jurisdiction over the claim once claimant's aggravation rights expired. Instead, the issue was within the board's own motion jurisdiction. We reverse and remand.

OAR 438-012-0090(1) became effective after the board's decision in this case. That rule provides that a request for a hearing for a new medical condition or omitted medical condition that arises after the expiration of a claimant's aggravation rights "shall be processed by the hearings division." It applies to all requests for compensation under the board's own motion jurisdiction that were "in existence or arose on or after" the effective date of the rules. OAR 438-012-018(1). The parties agree that the rule governs this case. They also agree that, because the hearing that the rule contemplates has already occurred, we should remand the case for the board to review the merits of the ALJ's order. We agree with the parties.

Reversed and remanded for further proceedings.